**CLARK & MARKHAM LLP**
David R. Markham (State Bar No. 071814)
R. Craig Clark (State Bar No. 129219)
James M. Treglio (State Bar No. 228077)
Laura M. Cotter (State Bar No. 259445)
600 "B" Street, Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321
Facsimile: (619) 239-5888

**HESS-VERDON AND ASSOCIATES PLC**
Barron E. Ramos (State Bar No.179620)
620 Newport Center Drive, Ste. 1030
Newport Beach, CA
Telephone: (949) 706-7300
Facsimile: (949) 706-7373

Attorneys for Plaintiffs
(additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASHONNA COLEMAN, an individual, TERESA SAMANIEGO, an individual, and GAIL CHILLINSKY, an individual, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JENNY CRAIG, INC., a Delaware corporation, and DOES 1 through 100, Inclusive.<br><br>Defendants. | Case No. 11CV1301MMAPOR<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FAILURE TO PAY REGULAR AND OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 201,** *et seq.* **(FLSA);**<br><br>**(2) FAILURE TO PAY WAGES OWED IN VIOLATION OF CAL. LAB. CODE §§ 201, 203, 216, 218.5, AND 227.3;**<br><br>**(3) FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198;**<br><br>**(4) FAILURE TO TIMELY PAY WAGES OWED UPON EMPLOYMENT TERMINATION IN VIOLATION OF CAL. LAB. CODE §§ 201, 202, 203;** |

1

) **(5) FAILURE TO PROVIDE MEAL AND REST PERIOD IN VIOLATION OF CAL. LAB. CODE 226.7 AND 512;**

) **(6) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200** *et seq.*; **and**

) **(7) PENALTIES PURSUANT TO CAL. LAB. CODE § 2699** *et seq.*;

**DEMAND FOR A JURY TRIAL**

Plaintiffs NASHONNA COLEMAN, TERESA SAMANIEGO, and GAIL CHILLINSKY, on behalf of themselves and all others similarly situated, allege as follows:

This Collective and Class Action is brought on behalf of all present and former non-exempt employees of Defendant JENNY CRAIG, INC. (hereinafter JENNY CRAIG or Defendant). All allegations in this First Amended Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiffs named herein and their counsel. Each allegation in this First Amended Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim in this Action is proper in this Court pursuant to the provision of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of a controversy arising under the law of the United States pursuant to 28 U.S.C. § 1131.

2. Jurisdiction over the state claims in this Action is proper in this Court pursuant to 28 U.S.C. § 1367(a), which provides that when a district court has original jurisdiction over a claim, it shall have supplemental jurisdiction over related claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because Defendant does business in this District and maintains its principal place of business/ national headquarters in San Diego County.

## COLLECTIVE ACTION AND CLASS ACTION DEFINITION

4. Plaintiffs bring this Action as a Collective Action under the FLSA, 29 U.S.C. § 201, et seq., on behalf of all persons who were, are, or will be employed by JENNY CRAIG as non-exempt employees within the three years preceding the filing of this Complaint to the date of conditional class certification (hereinafter the "Collective Class Period"), who were not compensated for each and every hour worked (hereinafter the "Collective Class").

5. Plaintiffs also bring this Action as a Class Action and the Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. P. 23, because the Class is so numerous that joinder of all members is impractical, the questions of law or fact are common to the Class, the claims of the Class are typical of Class members, and the Plaintiffs, as Class Representatives, will fairly and adequately protect the interests of the Class.

6. Defendant JENNY CRAIG settled a class action based upon similar allegations in a matter entitled *Dibel, et al. v. Jenny Craig, Inc. et al.*, U.S. District Court Case No. 3:06-cv-02533 BEN(AJBx) 2006. The *Dibel* lawsuit likewise asserted that JENNY CRAIG maintained a work atmosphere that discouraged employees from recording all hours worked and that the employees routinely worked "off-the-clock," including overtime hours, but that JENNY CRAIG failed to pay compensation for these hours worked. In *Dibel*, employees were alleged to have been required to work during their unpaid meal periods and after the end of their scheduled shifts to complete required paperwork.

7. Plaintiffs bring this Class Action on behalf of those employed by Defendant within the period beginning on January 1, 2009, the date the *Dibel* class period ended, through the date of conditional certification in this case (the "Class

3
**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Period").

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff NASHONNA COLEMAN

   (a) Is an individual who resides in San Diego County;

   (b) Was employed by JENNY CRAIG as a non-exempt employee during the Collective Class and Class Period;

   (c) Was not paid for all time worked; and,

   (d) Was a member of the Collective Class and the Class as defined in Paragraph 3 of this Complaint.

9. Plaintiff TERESA SAMANIEGO

   (a) Is an individual who resides in San Diego County;

   (b) Was employed by JENNY CRAIG as a non-exempt employee during the Collective Class and Class Period;

   (c) Was not paid for all time worked; and,

   (d) Was a member of the Collective Class and Class as defined in Paragraph 3 of this Complaint.

10. Plaintiff GAIL CHILLINSKY

    (a) Is an individual who resides in San Diego County;

    (b) Was employed by JENNY CRAIG as a non-exempt employee during the Collective Class and Class Period;

    (c) Was not paid for all time worked; and,

    (d) Was a member of the Collective Class and Class as defined in Paragraph 3 of this Complaint.

## DEFENDANTS

11. Defendant JENNY CRAIG is a Delaware corporation that has been, and is now, conducting business in California. Defendant's headquarters is located in Carlsbad, California, in the County of San Diego.

12. JENNY CRAIG is a weight loss, weight management, and nutrition

company founded by Jenny Craig and Sidney Craig. JENNY CRAIG was started in Melbourne, Australia in 1983 and began operations in the United States in 1985. The company became a part of Nestlé Nutrition in 2006.

13. The company operates more than 600 weight loss "centres" primarily in the United States, but also in Canada, Australia, Puerto Rico, and New Zealand. The Jenny Craig program combines individual weight management counseling with a menu of foods which are distributed through its centers or shipped directly to clients.

14. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. At all times mentioned herein, the Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of said agency and employment.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurrently contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the wrongful conduct, harm and damages alleged herein.

17. At all times herein mentioned, Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

## THE CONDUCT

18. The Plaintiffs are and/or were non-exempt employees of JENNY CRAIG. As non-exempt employees, they are entitled to payment for all hours

worked.

19. Plaintiffs were not paid for all time worked. Plaintiffs routinely worked before and after their shifts ended, without being paid for their time. They were not permitted to clock in until just a few minutes before their shifts began, even though they were required to arrive earlier in order to get the store ready to open, and were often required to continue to work after clocking out at the end of their shifts.

20. In addition to working off the clock before and after their shifts, Plaintiffs often worked without taking meal or rest periods, in violation of federal and California law.

## FIRST COUNT
## FOR FAILURE TO PAY REGULAR AND OVERTIME COMPENSATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### [Fair Labor Standards Act, 29 U.S.C. § 201, et seq]

21. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 20 of this First Amended Complaint.

22. Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

23. 9 U.S.C. §255 provides that a three-year statute of limitations applies to willful violations of the Fair Labor Standards Act (FLSA).

24. Pursuant to the FLSA, 29 U.S.C. § 201, *et seq,* Plaintiffs and the members of the Collective Class are entitled to compensation for all hours actually worked, including all time spent working "off the clock" during lunch periods, before shifts began and after shifts concluded.

25. At all relevant times, Defendants failed to pay Plaintiffs and other members of the Collective Class for all hours worked.

26. For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint.

27. As a result of Defendants' failure to pay compensation for all hours worked, as required by the FLSA, Plaintiffs and the members of the Collective Class were damaged.

28. Plaintiffs demand that they and the members of the Collective Class be paid all compensation due as required by the FLSA for all time actually worked, plus interest and attorneys' fees as provided by law.

**SECOND COUNT**

**FOR FAILURE TO PAY WAGES OWED**

**[Cal. Lab. Code §§ 204, 218, 218.5, 218.6]**

29. Plaintiffs and the other members of the Class reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

30. Cal. Lab. Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

31. Pursuant to the IWC Wage Orders, Defendant is required to pay Plaintiffs and the other members of the Class for all hours worked, meaning all the time in which an employee is subject to the control of an employer.

32. Defendant's uniform policy and procedure requires its employees to work "off the clock" without compensation for time spent working for Defendant and/or subject to the control of the Defendant. Plaintiffs therefore seek unpaid wages and penalties.

33. Defendant, as a matter of established company policy and procedure in the State of California, administers a uniform company policy and practice regarding the duties and responsibilities of the Plaintiffs and other members of the Class and creates and/or maintains various materials, such as policy handbooks, letters, and other correspondence which, taken together, constitute a written contract for employment for Plaintiffs and the Class members.

34. Defendant, as a matter of established company policy and procedure, in

the State of California, scheduled to work and/or required, suffered or permitted Plaintiffs and other members of the Class to work, without paying them for each and every hour worked during the Class Period.

35. Defendant's pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and entitles Plaintiffs and the Class members to recover, pursuant to Cal. Lab. Code § 218, the unpaid balance of the straight time compensation owed to them in a civil action.

36. Pursuant to Cal. Lab. Code §218.6 and to Cal. Civ. Code §§ 3287 (b) and 3289, Plaintiffs and the Class members seek to recover pre-judgment interest on all amounts recovered herein.

37. Pursuant to Cal. Lab. Code §218.5, Plaintiffs and the Class members, request that the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as well as any statutory penalties Defendant may owe under the Cal. Lab. Code and/or any other statute.

## THIRD COUNT
## FOR FAILURE TO PAY OVERTIME COMPENSATION
### [Cal. Lab. Code §§510, 1194, 1198]

38. Plaintiffs and the other members of the Class reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

39. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

40. Cal. Lab. Code § 510 provides that employees in California shall not be employed for more than eight (8) hours in any workday or forty (40) hours in a workweek, unless they receive additional compensation beyond their regular wages in the amounts specified by law. Specifically, Cal. Lab. Code § 510 (a) requires that:

Any work in excess of eight hours in one workday and any work in

excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of **no less than one and one-half times the regular rate of pay** for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of **no less than twice the regular** rate of pay for an employee. [Emphasis Added]

41. The Plaintiffs and the other members of the Class have worked more that eight (8) hours in a workday, and/or more than forty (40) hours in a work week during the Class Period.

42. Defendant failed to pay Plaintiffs and the other members of the Class the one and a half times their regular rate of pay, or any other additional compensation, for the hours they have worked in excess of the maximum hours permissible by law, as required by Cal. Lab. Code § 510, during the Class Period.

43. By virtue of Defendants' unlawful failure to pay the lawful rate of compensation to the Plaintiffs and the other members of the Class for their overtime hours, the Plaintiffs and other members of the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional requirements of this Court and which will be ascertained according to proof at trial.

44. JENNY CRAIG acted and is acting intentionally, oppressively, and maliciously toward the Plaintiffs and the other members of the Class with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

45. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, the costs of the suit, and attorneys' fees and the costs of litigation from their employer.

46. Plaintiffs and the other members of the Class request recovery of overtime compensation, interest, attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as any statutory penalties against Defendants may owe

under the Cal. Lab. Code and/or other statutes.

## FOURTH COUNT
## FOR FAILURE TO TIMELY PAY WAGES OWED
### [Cal. Lab. Code §§ 201, 203]

47. Plaintiffs and the other members of the Class reallege and incorporate by reference, as though fully set forth herein, the preceding paragraphs of this Complaint

48. Cal. Lab. Code §§ 201 and 202 provide that wages earned by an employee but unpaid when the employer discharges the employee, or when the employee voluntarily terminates their employment and gives the employer at least seventy-two (72) hours of notice, are due and payable immediately.

49. Employees who voluntarily terminate the employment relationship, but do not give at least seventy-two (72) hours of notice that they are terminating the relationship must be paid within seventy-two (72) hours of their final day of work, pursuant to Cal. Lab. Code § 202.

50. The Defendants, as alleged above, knew that wages were due to Plaintiffs and the Class members but willfully failed to pay them before or after the employment relationship was terminated and continue to leave these wages unpaid.

51. The Defendants here have failed to pay Plaintiffs and members of the Class their unpaid wages either at the time their employment was terminated, or within seventy-two (72) hours of termination, or for the thirty (30) days that followed.

52. Cal. Lab. Code § 203 provides for a penalty when a terminated employee's unpaid wages are not paid within the requisite period under Cal. Lab. Code §§ 201 and 202. The employer shall be penalized by owing the former employee wages for a period of up to thirty (30) days from the time they were due.

53. Pursuant to Cal. Lab. Code § 203, the Plaintiffs and the members of the Class are entitled to penalties equal to their daily wage multiplied by thirty (30) days.

# FIFTH COUNT
## FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS
### [Cal. Lab. Code §§ 226.7 and 512]

54. Plaintiffs and the other members of the Class reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

55. Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of 30 minutes or longer.

56. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each meal period that is not provided.

57. Cal. Lab. Code §§ 226.7 and 512 provide that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

58. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee with rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

59. JENNY CRAIG has intentionally and improperly denied meal periods to Plaintiffs and other members of the Class in violation of Cal. Lab. Code §§ 226.7 and 512.

60. At all times relevant hereto Plaintiffs and the other members of the Class have regularly worked more than five hours in a workday and JENNY CRAIG has regularly failed to provide meal periods as required by Cal. Lab. Code §§ 226.7 and 512.

61. JENNY CRAIG has intentionally and improperly denied rest periods to

Plaintiffs and other members of the Class in violation of Cal. Lab. Code §§ 226.7 and 512.

62. At all times relevant hereto, the Plaintiffs and other members of the Class worked more than four hours in a workday. At all times relevant hereto, JENNY CRAIG failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

63. By virtue of JENNY CRAIG'S unlawful failure to provide meal and rest periods to them, Plaintiffs and the other Class members have suffered, and will continue to suffer, damages in the amounts which are presently unknown to them, but which exceed the jurisdictional requirements of this Court and which will be ascertained according to proof at trial.

64. Plaintiffs and the other members of the Class are informed and believe, and based upon that information and belief allege, that JENNY CRAIG knows or should have known that the Plaintiffs and the other members of the Class were entitled to meal periods and rest periods but purposely elected not to provide these mandated periods.

65. Plaintiffs and the other members of the Class seek to recover the compensation owed them, and reasonable attorneys' fees and costs, pursuant to Cal. Lab. Code §§ 226.7 and 512, as well as any statutory penalties Defendant may owe under the Cal. Lab. Code and/or other statutes.

## SIXTH COUNT
## FOR UNLAWFUL BUSINESS PRACTICES
### [Cal. Bus. and Prof. Code §§ 17200 *et seq.*]

66. Plaintiffs and other members of the Class reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

67. Cal. Bus. & Prof. Code § 17201 defines persons as "natural persons, corporations, firms, partnerships, joint stock companies, associations, and other

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1 | organizations of people."

2 |     68.    Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice".

    69.    JENNY CRAIG is a "person," as that term is defined under Cal. Bus. & Prof. Code § 17201.

    70.    At all times relevant hereto, by and through the conduct described herein, JENNY CRAIG has engaged in unfair and unlawful practices by failing to pay Plaintiffs and the other members of the Class for all hours worked or for additional overtime compensations and has failed to provide them with meal and rest periods as required by the applicable Cal. Lab. Code and IWC Wage Order requirements, in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and has thereby deprived Plaintiffs and the other members of the Class of fundamental rights and privileges owed to them by law.

    71.    By and through the unfair and unlawful business practices described herein, JENNY CRAIG has obtained valuable property, money, and services from the Plaintiffs and the other members of the Class and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

    72.    All the acts described herein are violations of the Cal. Lab. Code and IWC Wage Order requirements, and go against public policy that favors the fair and ethical treatment of employees. These acts therefore constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

    73.    Plaintiffs and the other members of the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which JENNY CRAIG has acquired, or of which Plaintiffs and the other members of the Class have been deprived, by means of the above described unfair and unlawful business acts and practices.

    74.    Plaintiffs and the other members of the Class are further entitled to, and do, seek a declaration that the above described business practices are unfair and

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1 unlawful and that injunctive relief should be issued restraining JENNY CRAIG from engaging in any of the above described unfair and unlawful business practices in the future.

75. Plaintiffs and the other members of the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of JENNY CRAIG. As a result of the unfair and unlawful business practices described above, Plaintiffs and the other members of the Class have suffered and will continue to suffer irreparable harm unless JENNY CRAIG is restrained from continuing to engage in these unfair and unlawful business practices. In addition, UTI should be required to disgorge the unpaid moneys to Plaintiffs and the other members of the Class.

## SEVENTH COUNT
## FOR PENALTIES PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT ("PAGA") CAL. LAB. CODE § 2699 *ET SEQ.*
[Cal. Lab. Code §§ 2699 *et seq.*]

76. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this First Amended Complaint.

77. Cal. Lab. Code § 2698-2699, the California Private Attorneys General Act of 2004, expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

78. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

79. Plaintiffs are "aggrieved employees" as defined by Cal. Lab. Code § 2699 in that they are all current or former employees of JENNY CRAIG, and one or more of the California Labor Code violations was committed against them.

80. Plaintiffs assert all of their claims in this First Amended Complaint against Defendants on behalf of all aggrieved employees in their capacity as "private attorneys general" and seek all statutory penalties available under the California Labor Code.

81. By reason of the above and pursuant to Cal. Lab. Code § 2699, Plaintiffs are entitled to payment of a penalty of one hundred dollars ($100) per pay period for each employee for the initial violation, and two hundred dollars ($200) for each employee per pay period for each subsequent violation.

82. In addition, Plaintiffs seek and are entitled to have seventy-five percent (75%) of all recovered penalties allocated to the LWDA and twenty-five percent (25%) to the aggrieved employees. Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 2699 and any other applicable statutes.

83. Plaintiffs have complied with the notice requirements of Cal. Lab. Code § 2699.3(a)(1) prior to commencing this action. A letter was sent to the California Labor and Workforce Development Agency on July 19, 2011, via certified mail, and copied to JENNY CRAIG on the same date, via certified mail, in accordance with Section 2699.3(a)(1).

84. The Labor & Workforce Development Agency has responded and stated that they do not intend to litigate this cause of action themselves and thus, under Cal. Lab. Code § 2699.3 (a)(2)(A), Plaintiffs may pursue their claims under § 2699.

//
//
//
//

# PRAYER

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as follows:

## ON THE FIRST COUNT

1. That the Court determines that this action may be maintained as a Collective Action;

2. Compensatory damages, according to proof, due Plaintiffs and other members of the Collective Class, plus interest thereon at the statutory rate;

3. An award of statutory damages, including reasonable attorneys' fees and costs of suit, but only to the extent that such reasonable attorneys' fees and costs are recoverable pursuant to 29 U.S.C. §216 (b);

4. For liquidated damages pursuant to 29 U.S.C. 216 (b);

5. For an order requiring defendants to identify, by name, address, telephone number, each non-exempt person who worked for defendant during the Collective Class Period through the time of judgment;

6. For such other and further relief as the Court deem just and proper.

//

## ON THE SECOND COUNT

1. For compensatory damages, including lost wages, commissions, bonuses, and other losses, according to proof;

2. For general damages, according to proof;

3. For an award of interest, including prejudgment interest at the legal rate;

4. For statutory damages, including reasonable attorneys' fees and cost of suit.

//

## ON THE THIRD COUNT

1. For compensatory damages, including lost wages, commissions, bonuses, and other losses, according to proof;

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

2. For general damages, according to proof;

3. For an award of interest, including prejudgment interest at the legal rate;

4. For statutory damages, including reasonable attorneys' fees and cost of suit.

//

## ON THE FOURTH COUNT:

1. For penalties under Cal. Lab. Code § 203, equal to the daily wages of each Plaintiffs and member of the Class, multiplied by the number of days their wages remain unpaid, for up to thirty (30) days.

//

## ON THE FIFTH COUNT

1. One (1) hour of pay for each workday in which a rest period was not provided for each four (4) hours of work;

2. One (1) hour of pay for each five (5) hours of work in which a meal period was not provided;

3. For attorneys' fees and costs.

//

## ON THE SIXTH COUNT

1. For restitution and disgorgement;

2. For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

3. For other injunctive relief ordering JENNY CRAIG to notify the Class that they have not been paid the proper amounts required in accordance with California law.

//

## ON THE SEVENTH COUNT

1. For statutory penalties according to proof;

2. For interest on the above said sum from the date of violation until paid

17

FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1 | in full;

2 | 3. For reasonable attorney's fees, expenses, and costs.

Dated: October 13, 2011    **CLARK & MARKHAM LLP**

By: _____
　　　David R. Markham

**HESS-VERDON AND ASSOCIATES PLC**

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (State Bar No. 71075)
65 Pine Ave, #312
Long Beach, California 90802
Tel: (877) 696-8378
Fax: (562) 256-1006

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on issues triable to a jury.

Dated: October 13, 2011        **CLARK & MARKHAM LLP**

By: _____
David R. Markham

**HESS-VERDON AND ASSOCIATES PLC**

**UNITED EMPLOYEES LAW GROUP**

Attorneys for Plaintiffs