1  David R. Markham (SBN 071814)
   dmarkham@markham-law.com
2  Peggy J. Reali (SBN 153102)
   preali@markham-law.com
3  Janine R. Menhennet (SBN 163501)
   jmenhennet@markham-law.com
4  Maggie Realin (SBN 263639)
   mrealin@markham-law.com
5  **THE MARKHAM LAW FIRM**
   750 B Street, Suite 1950
6  San Diego, California 92101
   Tel.: (619) 399-3995
7  Fax: (619) 615-2067
   [Additional counsel list on next page]
8

9  Attorneys for Plaintiffs

10                    **UNITED STATES DISTRICT COURT**
11
                     **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| NASHONNA COLEMAN, an individual, on behalf of herself and all others similarly situated, | CASE NO. 11-cv-1301 MMA (DHB) <u>CLASS ACTION</u> <br><br> Hon. Michael M. Anello <br> Courtroom 5 |
| Plaintiffs, <br> v. <br><br> JENNY CRAIG, INC., A Delaware corporation, and DOES 1 to 100, <br><br> Defendants. | **DECLARATION OF PEGGY J. REALI IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> Honorable David H. Bartick <br> Magistrate Judge <br><br> Action Filed: 6/13/2011 <br> Trial Date: None Set |

R. Craig Clark (SBN 129219)
*cclark@clarklawyers.com*
**THE CLARK LAW FIRM**
600 B Street, Suite 2130
San Diego, California 92101
Tel: (619) 239 1321
Fax: (619) 239 5888

Barron E. Ramos (SBN 179620)
*bramos@mylawpro.com*
**HESS-VERDON AND ASSOCIATES PLC**
620 Newport Center Drive, Ste. 1030
Newport Beach, California 92660
Tel: (949) 706-7300; Fax: (949) 706-7373

Attorneys for Plaintiffs

I, PEGGY J. REALI, declare as follows:

1. I am an attorney at law licensed to practice before all of the courts of the State of California, including the United States District Court for the Southern District of California. I am of counsel for The Markham Law Firm, counsel of record for Amy B. Collins and Dean Riggott in this action.

2. I submit this Declaration in support of Plaintiffs' Reply Brief in Support of Motion for Class Certification. I make this Declaration based on personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

3. The dispute at issue involves Defendant's responses to the following discovery propounded by Plaintiff:

( a ) Plaintiff's Special Interrogatories (Set Two) ("Interrogatories"), served by Defendant on April 29, 2013, Nos. 14, 17 and 18 (see **Exhibit 1** attached hereto, true and correct copy of said discovery);

( b ) Plaintiff's Requests for Production (Set Two), Nos. 18, 20, 22, 28 and 30 ("RPD-2") (**Exhibit 2**, true and correct copy of said discovery), served on May 3, 2013; and

( c ) Requests for Production (Set Three), Nos. 39, 41 ("RPD-3") (**Exhibit 3**, true and correct copy of said discovery), served on May 3, 2013.

4. The parties met and conferred in person on May 8 and May 14, 2013 to discuss all the issues presented, and further met and conferred telephonically and by email on May 10, May 14 and May 15, 2013.

5. At the deposition of Jenny Craig's 30(b)(6) witness as to policies and procedures, Crystal Danesteh, testified that at least two people need to be in the store at all times. The deposition transcript has not been obtained as of the date of

the filing of this document, but the testimony is derived from notes taken at the deposition by the undersigned.

6. Plaintiff needs the contact information of putative class members to determine, at the very least, whether common questions of law or fact exist and if Plaintiff's claims are typical. Speaking with putative class members will allow Plaintiff to show that other class members were unable to take lunches within the time imposed by statute (if at all) and were not paid the required premium; were unable to take rest breaks and not paid the premium; and worked overtime hours without being paid for their work. This evidence is needed, because Plaintiff's testimony of what she has heard from other employees about their experiences being the same as hers, is (*arguendo*) not admissible evidence. Consequently, Plaintiff needs to obtain the evidence directly from the class members. Moreover, the information Plaintiff seeks are records in the <u>exclusive</u> possession of Defendant.

7. Plaintiff is willing to enter into a protective order, or in the alternative, agree to an opt-out procedure. A Proposed Stipulation for Protective Order is attached hereto as **Exhibit 4**. Attached hereto as **Exhibit 5** are a true and correct copies proposed Opt-Out Notices recently agreed to by the parties in cases for which The Markham Law Firm is counsel of records for plaintiffs, to wit, *Collins v. ITT Educations Services, Inc.*, United States District Court, Southern District of California Case No. 12cv1395-DMS (BGS); and *Ramirez v. Wells Fargo Bank, N.A.*, Alameda County Superior Court Case No. RG 10496146.

8. The Stipulated Protective Order is a more time-efficient method of protecting class members' privacy rights than the Opt-Out notice method. Should the Court order that the putative class members' contact information be produced only after an opt-out procedure, additional time may be needed by the parties in

light of the May 31, 2013 class certification discovery cut-off set by the Court, to allow adequate time for the procedure.

9. Counsel for Defendant, Dale Dixon, stated by email on May 15, 2013 that SONIC tie-stamped sales records for Plaintiff Coleman, as well as work schedules and client schedules, will be available and be produced within 10 business days.

10. Obtaining the payroll, work schedules, time cards and Ghant records of putative class members will allow Plaintiff's expert to assess the failure of JCI to pay premiums for short lunches.

11. The payroll records, eTime, Ghant records and SONIC records are needed by Plaintiff to support her class certification motion, as well as for trial on the merits. The information will show, at the very least, that common issues prevail over individual issues, and the typicality of Plaintiff in this litigation. In addition to anecdotal testimony of Plaintiff and putative class members, Plaintiff will rely on Defendant's <u>own records</u> to show the violations. This will be done by obtaining a sampling of the 395 putative class members' payroll records, such that Plaintiff's consultant can cross reference these records with the work schedules and time records and other records of putative class members.

12. Plaintiff proposes that a sampling of payroll records be produced, to correspond to and to be compared with the ( a ) work schedules, ( b ) time records and ( c ) other records Plaintiff has requested pertaining to putative class members. The various samples of pertinent records will not disclose the employees' identifying information, but instead can be presented with some other identifying mark, such as employee ID number or other newly assigned number.

13. It has been my experience in the past many years of practicing class action litigation that it is common practice that the parties agree to a sampling of the

5

*Coleman et al. v. Jenny Craig, Inc.*, Case No. 11-cv-1301-MMA(DHB)
DECLARATION OF PEGGY J. REALI IN SUPPORT OF JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE

information requested. This is the compromise plaintiff and defense lawyers have agreed to because of the large numbers of class members involved, since the information relevant to class certification and trial on the merits is in the exclusive possession of the Defendant.

14. Plaintiff herein has consulted with her expert, who stated (based on a putative class of 395 class members) that the payroll, time cards and work schedules of 50 class members for about three months (or one annual quarter's worth) will produce an relatively accurate analysis of the entire class, within approximately 2% - 3% accuracy.

I declare under penalty of perjury of the State of California and of the United States that the foregoing is true and correct. Executed this 16th day of May, 2013.

*Peggy J. Reali*

Peggy J. Reali

# TABLE OF EXHIBITS

| EXHIBIT | EXHIBIT NAME | PAGES |
|---|---|---|
| 1 | Jenny Craig, Inc.'s Responses to Plaintiff Nashonna Coleman's Special Interrogatories to Defendant (Set Two) | 1 – 9 |
| 2 | Jenny Craig, Inc.'s Responses to Plaintiff Nashonna Coleman's Requests for Production of Documents (Set Two) | 10 – 23 |
| 3 | Jenny Craig, Inc.'s Responses to Plaintiff Nashonna Coleman's Requests for Production of Documents (Set Three) | 24 - 28 |
| 4 | Stipulation for Protective Order re Putative Class member Information | 29 - 34 |
| 5 | Notice Regarding Disclosure of Personal Contact Information – *Time Sensitive*, utilized in *Collins v. ITT Educations Services, Inc.*, United States District Court, Southern District of California Case No. 12cv1395-DMS (BGS); and Notice of Proposed Class Action, utilized in *Ramirez v. Wells Fargo Bank*, N.A., Alameda County Superior Court Case No. RG 10496146. | 35 - 37 |
| 6 | Deposition of Nashonna A. Coleman, taken January 15, 2013 | 38 - 48 |
| 7 | Deposition of Eric Matson (Rough Transcript – uncertified realtime rough draft of Eric Jon Matson), taken May 14, 2013 | 49 - 69 |
| 8 | Deposition of Kim Mueller (Rough Transcript -- uncertified Realtime Rough Draft of Kim Mueller) taken May 14, 2013 | 70 - 81 |